IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN L. JOFFE, M.D., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 21-cv-3222-LKG |
| | ) Dated: January 25, 2022 |
| VERIZON WIRELESS, INC., | ) |
| RONAN DUNN, | ) |
| *Exec. Vice President and Chief Operating Officer, Verizon Consumer Group*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On December 20, 2021, self-represented Plaintiff Steven L. Joffe, M.D., filed the above-captioned civil action and paid the full filing fee. ECF No. 1. Dr. Joffe[1] invokes this Court's diversity jurisdiction for "violation of public trust," "violation of personal trust," causing a threat to national security, compromising his personal security, and intentional infliction of emotional distress. *Id.* at 4, 50-54.[2] As relief, Plaintiff seeks damages in the amount of $250,000. *Id.* at 54. For the reasons that follow, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's claims are based on his attempt to switch his cellphone service provider from Verizon Wireless to Mint Mobile. *See generally id.* He states that when he removed the SIM card provided by Verizon from his phone and placed the SIM card provided by Mint into the phone, the phone did not work. *Id.* at 3. When Plaintiff put the Verizon SIM card back into his phone, he found that he no longer had service to his phone. *Id.* at 38. When he called Verizon,

---

[1] Plaintiff states that he is a retired emergency medical physician. ECF No. 1. at 3.

[2] Due to pagination errors within plaintiff's complaint, citations to plaintiff's complaint refer to the page numbers generated by CM/ECF, which appear at the top of each court filing on the Court's electronic docket.

he alleges that it took two hours for them to restore service to his phone.  *Id.* at 39.  Plaintiff includes a copy of the service contract he entered into with Verizon with his complaint, which states that if a customer attempts to switch cellphone providers, service to the phone activated through Verizon will be terminated automatically.  *See id.* at 42.  Plaintiff additionally includes several articles opining that Verizon should be a public utility.  *See id.* at 5-37.

At its core, Plaintiff's complaint seeks monetary damages for a temporary interruption in service to his cellphone.  His claim that this interruption is somehow a breach of public trust or in any way jeopardized his personal safety is conclusory.  Plaintiff points to no instances where the temporary interruption in phone service caused him harm, financially or emotionally.  Rather, he seemingly relies on his outrage over the enforcement of a clause in his service agreement with which he was not aware when he attempted to switch providers.  His assertion that he is "held hostage" by his service agreement with Verizon, because he fears attempting to repeat the actions giving rise to this complaint, is not a basis for a cognizable claim as he has not alleged an actual injury resulting from that interruption, beyond temporary inconvenience.  Simply put, the temporary loss of cellphone service alone does not give rise to a cause of action or entitlement to $250,000 in damages.

"Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."  *Smith v. Kagan*, 616 F.App'x 90, 90 (4th Cir. 2015) (per curiam); *see also Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (per curiam); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (per curiam).  In addition, "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint."  *Smith*, 616 F.App'x at 90; *Chong Su Yi*, 554 F.App'x at 248; *Ross*, 493 F.App'x at 406.  Having found no basis for Plaintiff's claims, the Court:

1. **DISMISSES** the complaint as frivolous;

2. **DIRECTS** the Clerk to **PROVIDE** a copy of this Memorandum Opinion and Order to plaintiff; and

3. **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
